IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WILLIAM JUNKERT, § | |
| Plaintiff, § | |
| § | |
| v. § | No. 3:21-cv-0446-M (BT) |
| § | |
| LASALLE, § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff William Junkert, a Texas prisoner, filed this *pro se* civil rights action under 42 U.S.C. § 1983 against "LaSalle" for running out of his HIV medication on multiple occasions. *See* ECF No. 9. He proceeds *in forma pauperis*, and the Court withheld service of his complaint pending judicial screening. *See* ECF No. 6. For the following reasons, the Court should DISMISS his amended complaint for failure to state a claim upon which relief can be granted.

**Background**

In his amended complaint and responses to a Magistrate Judge Questionnaire (MJQ), Junkert claims that, while he was an inmate at Johnson County jail, LaSalle Medical (LaSalle) repeatedly ran out of his HIV medications.[1]

---

[1] Junkert's filings do not explain what "LaSalle" is. However, the Court may take judicial notice of the fact that LaSalle Corrections is a developer and operator of correctional centers throughout many states, including Texas. *See* https://lasallecorrections.com (last visited 5/12/22). And liberally construing Junkert's complaint and making reasonable inferences in his favor, the Court may

*See* ECF No. 9 at 4; ECF No. 11 at 2, 4. Specifically, between February 2020 and February 2021, Lasalle "kept running out of" his medication, which put him at risk of contracting HIV by affecting his "CD4 count." ECF No. 11 at 5. He claims that LaSalle ran out of his medication on eight occasions between February 2020 and February of 2021. *See* ECF No. 11 at 4. He submitted grievances related to his medication, and "they" told him that his medication had been ordered. *See* ECF No. 9 at 4; ECF No. 11 at 3. As for relief, Junkert seeks $300,000.00 in monetary damages. *See* ECF No. 11 at 6.

## Legal Standards

Junkert's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. that section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915(A)(a) and (b).

And under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks

---

presume that LaSalle contracted with Johnson County to manage the Johnson County jail.

monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief may be granted, a plaintiff must "plead enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

And "[a]lthough pleadings filed *pro se* are generally held to less stringent standards than those drafted by lawyers, *pro se* litigants must still reasonably comply with procedural rules." *Miller v. Lowe's Home Ctrs. Inc.*, 184 F. App'x 386, 389 (5th Cir. 2006) (per curiam) (citing *Grant v. Cuellar*, 59 F.3d 523, 524-25 (5th Cir. 1995)).

## Analysis

A. <u>Junkert fails to state a medical indifference claim</u>.

Liberally construing Junkert's filings, he alleges that LaSalle violated his constitutional rights when it ran out of his HIV medication. This is a medical care claim that is governed by the "deliberate indifference" standard of the Eighth Amendment to the United States Constitution. U.S. CONST. AMEND. VIII; *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). To establish a constitutional violation, Junkert must show that the defendant acted with deliberate indifference to his medical

3

needs such as to cause the "unnecessary or wanton infliction of pain." *Estelle*, 429 U.S. at 106. This requires proof that the defendant was subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citations omitted).

At most, however, Junkert has only alleged negligence. He does not claim that his medication was intentionally withheld or that the staff failed to get more of the medication despite knowing that he had run out and knowing that a lack of medication could be detrimental to his health. Instead, he alleges only that LaSalle ran out of the medication and that, in response to a grievance about the issue, "they" said that his medications had been ordered. *See* ECF No. 9 at 4, ECF No. 11 at 3. To the extent that the medications were not received in a timely fashion, Junkert does not allege that this was due to any misconduct by LaSalle. His allegations are insufficient to state a constitutional violation. *See, e.g.*, *Armstead v. Baldwin*, 2020 WL 204252, at *5 (S.D. Ohio Jan. 14, 2020), *rec. accepted* 2020 WL 613934 (S.D. Ohio Feb. 10, 2020) (finding that the "case law is clear that there is no constitutional violation . . . " where the plaintiff missed medications, but the allegations evince at most negligence and not deliberate indifference) (citing

*Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004) (holding that prison officials were deliberately indifferent to prisoner's serious medical needs when they "were aware of [the prisoner's] diagnosis with HIV and hepatitis but completely withdrew the prescribed treatment for [his illness]"); *Kensu v. Borderding*, 2018 WL 6540262, at *9, *rec. accepted* 2018 WL 6527782 (E.D. Mich. Dec. 12, 2018) (finding that "it d[id] not appear that the lapse in the prescription was due to anything more than, at most, mere negligence or medical malpractice," which are insufficient to satisfy a deliberate indifference claim); *Kenion v. Kiby*, No. 5:15-CV-15-FDW, 2015 WL 2345653, at *2 (W.D.N.C. May 14, 2015) (holding that two incidents of the plaintiff not receiving his insulin shot at the prescribed time did "not rise to the level of deliberate indifference"); *Ragland v. City of St. Louis, Mich.*, 2012 WL 511827, at *10 (E.D. Mich. Jan. 9, 2012), *rec. accepted* 2012 WL 511801 (E.D. Mich. Feb. 16, 2012) ("isolated incidents of missed medications" failed to state a claim for deliberate indifference); *Steelman v. Baker*, 2006 WL 483562, at *4 (E.D. Tex. Feb. 28, 2006) ("The jail records show that Steelman was provided with numerous medications, for which the prescriptions were regularly renewed. While there may have been at times a brief delay in getting some of these medications renewed, . . . he has failed to show that these apparently isolated incidents rose to the level of constitutionally deliberate indifference to his medical needs, rather than negligence or carelessness."); *Adams v. Feinerman*, 2005 WL 1653769, at *3 (S.D. Ill. July 11, 2005) (holding that the fact that plaintiff's Parkinson's medication was occasionally out of stock, "while regrettable," did "not

amount to a constitutional claim" but "[a]t best, describe[d] negligence, which is not actionable under the Eighth Amendment")).

      B.  <u>Alternatively, Junkert fails to allege a plausible *Monell* claim</u>.

Alternatively, Junkert's claim fails because he has not alleged a plausible *Monell* claim. To the extent that LaSalle contracted with Johnson County for the administration of the Johnson County jail, it is a state actor for purposes of 42 U.S.C. § 1983. *See Lonoaea v. Corrections Corp. of America*, 665 F.Supp.2d 677, 685 (N.D. Miss. Oct. 15, 2009) ("A private corporation that contracts with the state to run its prisons and the corporation's employees is a 'state actor' subject to suit under § 1983.") (citing *Rosborough v. Management & Training Corp.*, 350 F.3d 459, 461 (5th Cir. 2003). "However, 'just as a municipal corporation is not vicariously liable upon a theory of *respondeat superior* for the constitutional torts of its employees, so is a private corporation not vicariously under § 1983 for its employees' deprivations of others' civil rights.'" *Id.* (quoting *Hicks v. Corrections Corp. of America*, 2009 WL 2969898 (W.D. La. 2009) (citing, in turn, *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978)). "Rather, a private corporation is liable under § 1983 only when an official policy or custom of the corporation causes or is the 'moving force of the constitutional violation.'" *Hicks*, 2009 WL 2969898, at *6 (citing *Monell*, 436 U.S. at 691).

Here, Junkert's filings are "devoid of any allegations that an official policy or custom of [LaSalle] was the moving force behind any alleged deprivation of [his] civil rights." *Id.* Accordingly, he fails to state a *Monell* claim against LaSalle.

### Leave to Amend

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Brynes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. But "granting leave to amend is not required if the plaintiff has already pleaded his 'best case.'" *Bryant v. Wells Fargo Bank*, 2018 WL 4290791, at *4 (N.D. Tex. Aug. 23, 2018) (citing *Wiggins v. La. State Univ.—Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017), *rec. accepted* 2018 WL 4283556 (N.D. Tex. Sept. 7, 2018).

Junkert has submitted an amended complaint and has also responded to an MJQ, which allowed him to plead his best case. Further leave to amend is not necessary or warranted. *See, e.g.*, *Duke v. Dallas County*, 2021 WL 3525106 (N.D. Tex. June 25, 2021), *rec. accepted* 2021 WL 3204565 (N.D. Tex. July 29, 2021) (collecting cases).

### Conclusion

The Court should DISMISS Junkert's complaint with prejudice for failure to state a claim under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).

SO RECOMMENDED

7

Signed May 12, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers